UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN REYNA,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>KINGS COUNTY JAIL, et al.,<br><br>　　　　　Defendants. | 1:20-cv-00447-GSA-PC<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS CASE**<br><br>**and**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE FOR FAILURE TO OBEY COURT ORDER**<br>**(ECF No. 6.)**<br><br>**OBJECTIONS TO FINDINGS AND RECOMMENDATIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

　　　　John Reyna ("Plaintiff") is a Kings County Jail inmate proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 27, 2020.  (ECF No. 1.)

　　　　On July 28, 2021, the court issued a screening order dismissing the Complaint for violation of Rile 18(a), with leave to file an amended complaint within thirty days.  (ECF No. 6.)

1

The thirty-day time period has now expired and Plaintiff has not filed an amended complaint or otherwise responded to the screening order. Plaintiff was forewarned that his failure to comply with the screening order would result in a recommendation that this case be dismissed in its entirety. (Id. at 17.)

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since March 27, 2020. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not respond to the court's order. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file an amended complaint that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Given that Plaintiff is a prisoner who is proceeding *in forma pauperis*, the Court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Based on the foregoing, the Clerk of Court is **DIRECTED** to randomly assign a district judge to this case;

and

The Court **HEREBY RECOMMENDS** that this case be dismissed without prejudice, based on Plaintiff's failure to obey the Court's order issued on July 28, 2021.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 18, 2021**                    **/s/ Gary S. Austin**
                                                                         UNITED STATES MAGISTRATE JUDGE