UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN REYNA, | **1:20-cv-00447-ADA-GSA-PC** |
| Plaintiff, | **ORDER DENYING MOTION TO COMPEL** |
| vs. | **(ECF No. 28.)** |
| KINGS COUNTY JAIL, et al., | |
| Defendants. | |

I.      BACKGROUND

John Reyna ("Plaintiff") is a Kings County Jail inmate proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 27, 2020.  (ECF No. 1.)  This case proceeds with the First Amended Complaint filed on November 19, 2021 against Defendants Valdez, Putnam, and Alcala, for retaliation in violation of the First Amendment.  (ECF No. 13.)

On September 6, 2022, the Court issued the Discovery and Scheduling Order setting out deadlines for the parties including a discovery deadline of March 6, 2023 and a dispositive motion filing deadline of May 6, 2023.  (ECF No. 24.)  The deadlines have expired and have not been extended.

On May 3, 2023, Plaintiff filed a motion to compel discovery responses and a request for a copy of his deposition transcript.  (ECF No. 28).  On May 17, 2023, Defendants filed an opposition to the motion to compel.  (ECF No. 29.)  Plaintiff has not filed a reply to the opposition.  The motion to compel is now before the Court.  Local Rule 230(*l*).

## II.     PLAINTIFF'S MOTION

### A.     Motion to Compel Discovery Responses

Plaintiff seeks to compel responses by Defendants to his requests for production of documents and interrogatories served on or about February 27, 2023.

Defendants argue that Plaintiff's motion to compel was filed after the March 6, 2023 discovery deadline, and he has not shown good cause for the Court to consider his late motion. Defendants also argue that Plaintiff's discovery requests were not timely served on Defendants and Plaintiff has not demonstrated good cause why he served the discovery requests late. Defendants assert that Plaintiff served his request for production of documents and request for interrogatories on Defendants on February 27, 2023, and thus, under Rules 33(b)(2) and 34(b)(2) of the Federal Rules of Civil Procedure, the responses were due 30 days later on March 29, 2023, which is after the March 6, 2023 discovery deadline.

### Discussion

Pursuant to the Court's Discovery and Scheduling Order, served on the parties on September 6, 2022:

> "Responses to written discovery requests shall be due 30 calendar days after the request is served. All discovery requests must be served at least 60 calendar days before the discovery deadline. All motions to compel must be filed on or before the discovery deadline."  (ECF No. 24 at 2:5-7.)

> and

> "All discovery, including the filing of any motions to compel, SHALL be completed on or before 03/06/2023. Absent good cause, discovery motions will not be considered if filed after the discovery deadline."  (ECF No. 24 at 4:1-3.)

///

Plaintiff's motion to compel is untimely and he has not shown good cause to reopen discovery.  Plaintiff filed the motion to compel almost two months after the March 6, 2023 discovery deadline expired.  To reopen discovery at this juncture would require modification of the court's Scheduling Order.

Modification of the court's Scheduling Order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, he or she cannot meet the requirement of the order.  Id.  If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  The court may also consider the prejudice to other parties.

Plaintiff has not demonstrated that with due diligence he could not have completed discovery by the March 6, 2023 deadline.  Plaintiff has not explained why he could not complete his discovery requests or his motion to compel within the time allowed.    This case was filed more than three years ago and should not be delayed further.  Therefore, Plaintiff's motion to compel discovery responses must be denied.

### B.   Motion for Copy of Deposition Transcript

Plaintiff asserts that on January 19, 2023, he requested a copy of his deposition transcript from defense counsel,  and he has not been provided a copy.  Plaintiff seeks to compel Defendants to provide him with a copy of the transcript.

This Court has no authority to require Defendants to cover the cost of the deposition transcript despite Plaintiff proceeding *pro se* and *in forma pauperis*.  Sharpe v. Cryer, No. 119CV00711ADAEPGPC, 2023 WL 3726145, at *1 (E.D. Cal. May 30, 2023) (citing see Clemente v. Parciasepe, No. 2:14-CV-0611 KJN P, 2015 WL 6447495, at *2 (E.D. Cal. Oct. 23, 2015) ("Defense counsel is correct that defendant is not required to provide plaintiff with a free copy of a deposition transcript.")).

Moreover, to the extent that Plaintiff would seek the use of Court funds to pay for a deposition transcript, "[t]here also is no statutory requirement for the Court . . . to provide a litigant proceeding *in forma pauperis* with copies of deposition transcripts." Id. (quoting Davis v. Molina, No. 1:14-CV-1554-BAM (PC), 2017 WL 11707632, at *1 (E.D. Cal. Sept. 27, 2017) (also denying a plaintiff's request for a defendant to provide him with a copy of a deposition transcript)).

Pursuant to Federal Rule of Civil Procedure 30, a party may obtain a copy of a deposition transcript upon reasonable payment of fees, and Plaintiff's *in forma pauperis* status does not entitle him to a free copy.  Tufono v. Ward, No. CV 19-7397-JFW (KS), 2021 WL 9684444, at *1 (C.D. Cal. Dec. 22, 2021) (citing Fed. R. Civ. P. 30(f)(3); see also Vanderbusch v. Chokatos, 2018 WL 3031488, at *2 (E.D. Cal. June 15, 2018) (denying plaintiff's request for court to order defendants to provide a copy of deposition transcript) (citing Boston v. Garcia, 2013 WL 1165062, at *2 (E.D. Cal. Mar. 20, 2013) (same)).

A plaintiff must obtain deposition transcripts from the officer before whom the deposition was taken—a court reporter or deposition officer.  Id. (citing see Claiborne v. Battery, 2009 WL 530352, at *3 (E.D. Cal. Mar. 3, 2009) (denying plaintiff's request for a court order directing the defendant to provide him with a copy of his deposition transcript)).

Accordingly, Plaintiff's request for a copy of his deposition transcript shall be DENIED.

### III.  CONCLUSION

Based on the foregoing, Plaintiff's motion to compel, filed on May 17, 2023, is DENIED.

IT IS SO ORDERED.

Dated:   **June 2, 2023**                    **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE