UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN REYNA, | No. 1:20-cv-00447 ADA GSA (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL |
| KINGS COUNTY JAIL, et al., | |
| Defendants. | (ECF No. 35) |

Plaintiff has filed a motion for the appointment of counsel. ECF No. 35. In support of it, Plaintiff states, in part, that he is unable to afford counsel; that the issues in his case are legally complex; that he has little knowledge of the law, and that he has a limited high school education. Id. at 2.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

When determining whether "exceptional circumstances" exist, the court must consider a plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d

1

965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Where a pro se civil rights plaintiff shows he has a good grasp of basic litigation procedure and has been able to adequately articulate his claims, he does not demonstrate exceptional circumstances to warrant appointment of counsel. See, e.g., id. (finding district court's determination that plaintiff had done "quite a good job" of putting on case established that it had not abused discretion by denying appointment of counsel).

Plaintiff's motion must be denied. This matter was brought in March 2020. See ECF No. 1. Discovery has been completed and the matter is about to be set for trial. Plaintiff has done a satisfactory job of representing himself in this matter up to this point without the help of counsel. For these reasons, the court does not find that exceptional circumstances exist that warrant a grant of Plaintiff's motion. Therefore, it will be denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel (ECF No. 35) is DENIED.

IT IS SO ORDERED.

Dated:   **October 18, 2023**              **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE