"

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN REYNA,

        Plaintiff,

   v.

KINGS COUNTY JAIL, et al.,

        Defendants.

No.  1:20-cv-00447 KES GSA (PC)

ORDER DENYING PLAINTIFF'S MOTIONS FOR THE ATTENDANCE OF UNINCARCERATED WITNESSES WHO MAY REFUSE TO TESTIFY AS INCOMPLETE

(See ECF Nos. 60, 61, 62)

ORDER DENYING DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS FOR THE ATTENDANCE OF UNINCARCERATED WITNESSES

(ECF No. 64)

WITHIN FOURTEEN DAYS FROM THE DATE OF THIS ORDER:

(1) PLAINTIFF SHALL PROVIDE NEW SUBPOENA REQUESTS AND MONEY ORDERS IN APPROPRIATE AMOUNTS FOR THE NON-DEFENDANT WITNESSES,

AND

(2) DEFENDANTS MAY FILE A RENEWED OPPOSITION

1

Plaintiff, a county jail inmate proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This matter is in the pretrial phase of the proceedings. <u>See</u> ECF No. 51 (Second Scheduling Order).

On January 13, 2025, Plaintiff's motions requesting the attendance of unincarcerated witnesses were docketed. ECF Nos. 60, 61 & 62. Defendants Alcala, Putnam, and Valdez[1] have filed an opposition to Plaintiff's requests. <u>See</u> ECF No. 64.

For the reasons stated below, Plaintiff's motions will be denied as incomplete. In addition, Defendants' opposition will be denied as set forth below.

Plaintiff will be given a final opportunity to submit subpoena requests that comply with the directions in the Court's second scheduling order. <u>See</u> ECF No. 51. In addition, Defendants Alcala, Putnam and Valdez will be given the opportunity to file an opposition to Plaintiff's request that their witness and travel fees be waived. Finally, under separate order, the Court will inform Plaintiff of the costs of anticipated witness and travel fees so that he may submit money orders in the appropriate amounts to the Court.

I.    <u>PLAINTIFF'S MOTIONS</u>

In Plaintiff's first motion to subpoena unincarcerated witnesses (ECF No. 60), he requests that Defendants Alcala, Putnam, and Valdes (Valdez) be served with subpoenas. <u>Id.</u> Plaintiff states that they can be located at the Kings County Jail ("KCJ") as that is their place of employment. <u>Id.</u> He also asserts that they can be served through their attorney's firm, Weakley & Arendt. <u>Id.</u> He asserts that because these three individuals are Defendants and therefore will have to be present at trial, the Court should waive the travel and witness fees. <u>Id.</u>

In Plaintiff's second motion to subpoena unincarcerated witnesses (ECF No. 61), he requests that one "D.T. Marci," who is employed at KCJ and who is in charge of the mailroom, be served there. <u>Id.</u> Plaintiff contends that she will be able to testify under oath regarding the policies of the mailroom at KCJ. Plaintiff requests that the Court calculate this travel expenses of

---

[1] Defendants are represented by private counsel. <u>See</u> ECF No. 23 (Defendants' answer to complaint).

1   this witness, as well as the daily witness fee so that Plaintiff can obtain a money order for the

2   correct amount.  Id.

3        Finally, in Plaintiff's third motion to subpoena unincarcerated witnesses (ECF No. 62),

4   Plaintiff requests that a "Sergeant Sriber"[2] who serves in that position at KCJ be served there.  Id.

5   Plaintiff states that she will be able to testify under oath regarding the retaliation that occurred.

6   Id.  He requests the Court to calculate the travel and daily witness fee costs so that he can obtain a

7   money order for the correct amount.  Id.

8        II.    DEFENDANTS' OPPOSITION

9        Defendants have filed an opposition to Plaintiff's subpoena motions.  ECF No. 64.

10       In support of their opposition, Defendants generally argue that Plaintiff's motions should

11  be denied because Plaintiff has failed to follow the steps needed to properly subpoena a witness,

12  which were outlined in the Court's second scheduling order.  ECF No. 64 at 1.  Specifically, they

13  argue that the motions were not timely filed; that Plaintiff has not provided addresses for the

14  witnesses, and that Plaintiff has not sent in the required money orders.  Id. at 1-2.  Defendant's

15  opposition will be addressed below.

16       III.   DISCUSSION

17            A.  Plaintiff's Motions

18                 1.  General Requests in All Three Motions

19       Plaintiff's motions to subpoena unincarcerated witnesses who may refuse to testify must

20  largely be denied as incomplete.  This is primarily because, once again, Plaintiff has not provided

21  the service addresses of these witnesses in his motions.  See generally ECF Nos. 60-62.  Plaintiff

22  simply stating that the witnesses work at Kings County Jail, or that Defendants can be served at

23  their attorney's office, is not enough.  Plaintiff must literally write the addresses down for each of

24  the witnesses when making requests for subpoenas.  Once again, Plaintiff is directed to review the

25  second scheduling order and closely follow the instructions in it regarding how to subpoena

26

27  [2]  Plaintiff is cautioned that he must correctly name individuals and provide correct addresses of
    the individuals he wishes to serve.  Misspellings of names and/or incorrect addresses on
28  subpoenas is likely to result in the U.S. Marshal's inability to serve those individuals.

1  unincarcerated witnesses who may refuse to testify.  See ECF No. 51 at 3-4 (second scheduling

2  order).

3        The motions are also incomplete because they were not accompanied by witness and

4  travel fees.  This, however, may be excused to some degree because at the time Plaintiff

5  submitted the motions the Court had not yet calculated the travel costs for the witnesses and

6  provided them to Plaintiff, nor had the number of days the witnesses would be needed been

7  determined.  Under separate order issued concurrently with this order, the Court will make these

8  determinations as to two of the requested witnesses named in Doc #s 61 & 62, and provide the

9  information to the parties.  Thereafter, Plaintiff will be given an additional fourteen days[3] to

10  provide the service addresses and witness and travel fees to the Court for those two witnesses.

11        2.    Request to Waive Travel and Witness Fees of Defendants/Addressing

12  Defendants "Omnibus" Opposition

13        As to Plaintiff's request that the travel and witness fees for Defendants Alcala, Valdes

14  (Valdez), and Putnam be waived, a grant of this request seems reasonable for a couple of reasons.

15  First, perhaps Plaintiff should not have to pay Defendants' travel and witness expenses when

16  these defendants presumably will already be present at trial and likely testify which would subject

17  them to cross examination by Plaintiff.  Second, Defendants did not object to this request in their

18  opposition to Plaintiff's subpoena requests.  See generally ECF No. 64.

19        In addition, Defendants Opposition, framed as an "Omnibus Opposition" seeks also to

20  oppose Plaintiff's request for the attendance of witnesses D.T. Marci and Sgt. Sriber.  This

21  opposition will be denied without prejudice to renew it as set forth below.

22        Finally, the Court is inclined to grant Plaintiff's subpoena motion related to the three

23  Defendants.  See ECF No. 60 (Plaintiff's motion to subpoena Defendants).  However, prior to

24  doing so, Defendants will be given an opportunity to oppose this request.  Should Defendants

25  choose to do so, they must also inform the Court whether the three Defendants will be present at

26

27  [3]  Plaintiff is cautioned that because providing him with additional time to provide addresses for
   his witnesses further shortens the window within which the U.S. Marshal will be able to serve
28  them, it is possible that these witnesses may not be able to be timely served.

trial and whether all three of them intend to testify.  They must also provide law in support of their opposition, if any.  They will be given fourteen days to file any opposition.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motions to subpoena unincarcerated witnesses (ECF Nos. 60, 61 & 62) are DENIED as incomplete; and

2.  Within fourteen days from the date of this order:

a.  Consistent with the directions in the second scheduling order (see ECF No. 51), Plaintiff shall provide new subpoena requests with names and service addresses of the unincarcerated witnesses he wishes to subpoena, as well as money orders for the witness and travel fees for the witnesses who are identified in ECF Nos 61 & 62, and

b.  Defendants may file an opposition to Plaintiff's request that Defendants' witness and travel fees be waived, including addressing the non- Defendant witnesses.  Should Defendants choose to file an opposition, they must:

i.)  Inform the Court whether the Defendants will be present at trial and whether any of them intend to testify, and

ii.)  Provide law in support of their opposition, if any.

Under separate order, the Court will inform Plaintiff of the costs of anticipated witness and travel fees for the non-Defendant witnesses so that he may submit money orders in appropriate amounts to the Court.

IT IS SO ORDERED.

Dated:   __January 23, 2025__          _____/s/ Gary S. Austin_____
                                        UNITED STATES MAGISTRATE JUDGE