1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOHN REYNA,                          No. 1:20-cv-00447 KES GSA (PC)

12                    Plaintiff,           ORDER ADDRESSING PLAINTIFF'S
                                           "MOTION IN DUCES TECUM"
13              v.
                                           (ECF No. 65)
14    KINGS COUNTY JAIL, et al.,
                                           ORDER DIRECTING DEFENDANTS TO
15                    Defendants.          INFORM THE COURT REGARDING
                                           PLAINTIFF'S ABILITY TO ACCESS
16                                         MONEYS IN HIS TRUST ACCOURT AND
                                           HIS ABILITY TO OBTAIN MONEY
17                                         ORDERS FOR THE PURPOSE OF PAYING
                                           WITNESS AND WITNESS TRAVEL FEES
18
                                           DEFENDANTS' RESPONSE TO THIS
19                                         ORDER DUE IN FIVE DAYS

20

21          Plaintiff, a county jail inmate proceeding pro se and in forma pauperis, has filed this civil

22    rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States

23    Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This matter is at the

24    pretrial phase of proceedings. See ECF No. 51. Plaintiff is in the process of attempting to secure

25    the attendance of his trial witnesses.

26          Plaintiff has filed a "Motion in Duces Tecum to: Subpoena Kings County Jail to Release

27    Funds." ECF No. 65. It appears that Plaintiff is requesting the Court to direct the Kings County

28    Jail to release funds to the Court from his trust account in an amount calculated by the Court as

                                           1

1    being necessary to pay the witness fees and travel expenses of his trial witnesses as he alleges that

2    the Jail will not assist him in procuring money orders for that purpose.

3        Defendants will be directed therefor, as set forth below, to inform Court regarding this

4    matter.

5        I.    PLAINTIFF'S MOTION

6            Plaintiff states that he has asked Kings County Jail deputies how to go about

7    releasing funds from his trust account to obtain the necessary money orders.  ECF No. 65 at 1.

8    He further states that since making these inquiries, he has been told by "Deputy James" that

9    "there is no policy that states that [Kings County Jail has] to do anything to help [him] with

10   [obtaining] anything that has to do with getting money orders for any case."  Id. (brackets added).

11       Finally, Plaintiff states that the deputies at Kings County Jail are aware that he is

12   proceeding pro se in this case and that he has limited resources.  He therefor requests the Court to

13   direct Kings County Jail to release the necessary funds to the Court so that he can pay the witness

14   and travel fees for his witnesses.  ECF No. 65 at 1-2.

15       II.    DISCUSSION

16       To begin, an inmate has a constitutionally protected right of meaningful access to the

17   courts. Bounds v. Smith, 430 U.S. 817, 820-21, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977).

18       To determine if this right is being afforded to Plaintiff, and to assist the Court with a

19   prompt resolution of this matter, Defendants will be directed to respond to the Court by filing

20   with the Court answers to  the following questions, and to do so within 5 days of receiving this

21   order:  (1) whether Plaintiff is being hindered or denied access to the funds in his trust account, if

22   so, why; (2) whether Plaintiff is being denied or hindered the ability to obtain money orders

23   needed by him to obtain witnesses for his upcoming trial, if so, why; (3) whether the Kings

24   County Jail has an existing policy or protocol regarding requests made by inmates whom wish to

25   procure money orders that are necessary to pay witness fees; (4) if there is such a policy or

26   protocol, what is the policy or protocol; and finally, (4) if no such policy or protocol exists,  how

27   is the Kings County Jail abiding by the  Bounds decision when inmates are seeking its assistance

28   in obtaining the attendance of their trial witnesses?

Accordingly, IT IS HEREBY ORDERED that:

Within five days from the date of this order, Defendants shall file with the Court answers to the questions set forth above.

**Defendants are warned that failure to comply with this order within the time allotted may result in the imposition of sanctions.  See 28 U.S.C. § 1927.**

IT IS SO ORDERED.

Dated:   **January 28, 2025**                         **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

3