1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JOHN REYNA,                                No.  1:20-cv-00447 KES GSA (PC)

12              Plaintiff,                      ORDER DENYING PLAINTIFF'S "MOTION
                                               IN DUCES TECUM TO SUBPOENA KINGS
13       v.                                    COUNTY JAIL TO RELEASE FUNDS"

14  KINGS COUNTY JAIL, et al.,                 (ECF No. 65)

15              Defendants.                     ORDER DIRECTING PLAINTIFF TO
                                               SUBMIT MONEY ORDERS FOR TRAVEL
16                                             AND WITNESS FEES

17                                             PLAINTIFF'S MONEY ORDERS DUE IN
                                               TWENTY ONE DAYS
18

19

20          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

21  rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States

22  Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This matter is at the

23  trial phase of the proceedings.

24          Before this Court is Plaintiff's "Motion in Duces Tecum to:  Subpoena Kings County Jail

25  to Release Funds."  ECF No. 65.  Also before the Court is Defendants' response to Plaintiff's

26  assertion that Kings County Jail is not releasing funds from his prison trust fund account so that

27  he may obtain money orders for trial travel and witness fees.  See ECF No. 70.

28

                                              1

For the reasons stated below, Plaintiff's motion will be denied, and he will be directed either to follow the procedures at Kings County Jail so that he may receive witness and travel fee funds from his prison trust fund account, obtain money orders, and submit them to the Court, or to find another way to obtain the required money orders and submit them to the Court. Plaintiff will be given a <u>final</u> additional twenty-one days to take either course of action.

## I.     RELEVANT BACKGROUND

Plaintiff wishes to have unincarcerated witnesses who may refuse to testify voluntarily at trial appear and testify at trial. <u>See</u> ECF Nos. 55, 56, 58, 60-62 (subpoena requests). As a result, he is responsible for paying for travel and daily witness fees for these individuals. <u>See</u> ECF No. 51 at 5 (second scheduling order (trial)).

On January 22, 2025, Plaintiff's instant motion, which ultimately requests the Court to order Kings County Jail to release funds to the Court from his inmate trust fund account in order to pay the required witness and travel fees, was docketed. ECF No. 65. In response to it, on January 29, 2025, the Court ordered Defendants to inform it regarding Plaintiff's ability to obtain money orders for the witness and travel fees. ECF No. 69. Defendants have filed a response to the Court's order. ECF No. 70.

## II.     DISCUSSION

In Defendants' response to the Court's order, ultimately, they state that at Kings County Jail Plaintiff needs to put any request for a release of funds in writing, and that the jail has not received any requests in writing regarding money orders from Plaintiff. <u>Id.</u> at 1-2. They also note that last October Plaintiff released funds to his daughter, and they presume that Plaintiff could do the same thing in this situation, specifically, Plaintiff could release money to his daughter from his trust account; have her obtain the money orders, and then bring them to the jail so that Plaintiff can mail them to the Court.

Given these facts, Plaintiff's motion will be denied. If Plaintiff needs to access his inmate trust fund account in order to obtain funds for money orders to pay witness and travel fees, he must either follow the protocols of Kings County Jail so that he may do so, or he must obtain the money orders in some other way. Plaintiff will be given an additional twenty-one days to do so.

Plaintiff, however, is informed that given that the money orders are already past due,[1] it is possible that the U.S. Marshal's Office may not be able to serve subpoenas on his witnesses in a timely manner and thereby, assure their appearance at trial.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's "Motion in Duces Tecum to:  Subpoena Kings County Jail to Release Funds" (ECF No. 65), is DENIED, and

2.  Within twenty-one days from the date of this order, Plaintiff shall submit the required money orders for travel and witness fees by either using Kings County Jail protocols or by finding a way to do on his own.

**Absent exigent circumstances, this will be Plaintiff's <u>final</u> opportunity to submit the required money orders for witness and travel fees.**

**Plaintiff is informed that given that the time within which to tender the money orders to the Court has passed, it is possible that the U.S. Marshal's Office will be unable to timely serve the unincarcerated witnesses.**

IT IS SO ORDERED.

Dated:   **February 6, 2025**                    **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

---

[1]  Plaintiff's witness and travel fees were due on or before January 17, 2025.  <u>See</u> ECF No. 51 at 7 (second scheduling order).