UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN REYNA, | No. 1:20-cv-00447 KES GSA (PC) |
| Plaintiff, | ORDER GRANTING IN PART AND NUNC PRO TUNC PLAINTIFF'S MOTION TO WAIVE TRAVEL AND WITNESS FEES FOR DEFENDANTS ALCALA, VALDEZ, AND PUTNAM |
| v. | |
| KINGS COUNTY JAIL, et al., | |
| Defendants. | (See ECF No. 60) |
| | ORDER DIRECTING CLERK OF COURT TO TERMINATE DEFENDANT COUNTY OF KINGS AS A DEFENDANT IN THE CASE CAPTION OF THE DOCKET, CONSISTENT WITH COURT ORDER ISSUED JUNE 10, 2022 |
| | (See ECF No. 17) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This case is at the trial phase of the proceedings. See ECF No. 51 (second scheduling order (trial)).

For the reasons stated below, the Court will grant nunc pro tunc Plaintiff's request that the witness and travel fees of Defendants be waived. In addition, consistent with a past court order,

1

the Clerk of Court will be directed to terminate County of Kings as a defendant in the case caption of the docket.

## I. REQUEST FOR WAIVER OF DEFENDANTS' TRAVEL AND WITNESS FEES

On January 13, 2025, Plaintiff's motion which requested the Court – amongst other things – to waive the travel and witness fees for Defendants Alcala, Valdez and Putnam was docketed. ECF No. 60 ¶ 6. On January 14, 2025, although the Court denied Plaintiff's motion overall, it did state that it was inclined to grant Plaintiff's motion to the extent that it requested a waiver of Defendants' witness and travel fees given, in part, that as Defendants they were likely to be present at trial and testify. See ECF No. 66 at 4-5. However, prior to granting this part of Plaintiff's motion, Defendants were given fourteen days to file objections to it. Id.

Defendants to date have not filed objections to Plaintiff's request that the witness and travel fees of Defendants Alcala, Valdez and Putnam be waived. Therefore, with this order, it will be formally granted nunc pro tunc.

## II. TERMINATION OF COUNTY OF KINGS AS DEFENDANT ON DOCKET

On March 10, 2022, the undersigned recommended that this matter only proceed against Defendants Alcala, Valdez and Putnam. See ECF No. 16 at 2. In that order, it was clearly stated that Plaintiff had not raised viable claims against any other Defendant. Id.

On June 10, 2022, the District Judge assigned to the matter adopted the undersigned's findings recommendations in full. See ECF No. 17. As a result, all other named Defendants and claims were ordered dismissed from this matter. Id. at 2.

To date, however, Defendant "County of Kings" remains on the docket as an active Defendant. See generally case caption of docket. Therefore, consistent with the Court's June 10, 2022 order, the Clerk of Court will be directed to terminate Defendant County of Kings in the case caption of the docket of this matter.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request that the witness and travel fees of Defendants Alfredo Alcala, Eusebia Valdez and Monique Putnam be waived (see ECF No. 60 ¶ 6) is GRANTED nunc, pro tunc, and

2. Consistent with the Court's June 10, 2022, order adopting findings and recommendations (see ECF No. 17 at 2), the Clerk of Court shall TERMINATE Defendant County of Kings in the case caption of the docket of this matter.

IT IS SO ORDERED.

Dated:   **March 17, 2025**                              /s/ Gary S. Austin
                                                  UNITED STATES MAGISTRATE JUDGE

3